**BLUE DIAMOND COAL COMPANY,**
Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE,** Respondent.

**Nos. 14091, 14092.**

United States Court of Appeals
Sixth Circuit.
Nov. 7, 1960.

Dewey R. Roark, Jr., Washington, D. C., Scott P. Crampton, Washington, D. C., on brief, for petitioner.

Harry Marselli, Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., on brief, for respondent.

Before MILLER, CECIL and O'SULLIVAN, Circuit Judges.

PER CURIAM.

The petitioner herein, Blue Diamond Coal Company, has appealed from decisions of the Tax Court whereby its claims for refunds, under Section 735 of the Internal Revenue Code of 1939, 26 U.S.

C.A. Excess Profits Taxes, § 735, were denied.

The appeals were consolidated in this Court and were heard and submitted upon the records, briefs and oral arguments of counsel for the respective parties.

The amount claimed by the taxpayer is $21481.19. The amount involved arises out of a dispute between the parties as to the number of months the petitioner was "in operation" of its coal mines, within the meaning of Sec. 735 above mentioned. The base period under consideration is from *January 1, 1936*, to *March 31, 1940*. The respondent reduced the number of months the petitioner was "in operation" by eliminating one month in 1937 and another in 1939, during which one or more of its mines were not in commercial production of coal, because of strikes.

The facts as found by the Tax Court are not in dispute. 31 T.C. 777. During the months in question, the struck mines were not in commercial production of coal. They were not closed but were maintained so that production could be resumed immediately upon termination of the strikes. Various activities in connection with the conduct of mining business were continued. See finding of facts 31 T.C. 777.

The question is whether these activities constitute "in operation" within the terms of the statute under which the claims were made.

Upon consideration of the record, the briefs and arguments of counsel, the Court finds that the months in question were properly eliminated from the base period; that the Tax Court was right in determining that under Section 735 the mines were not "in operation" during the months of the strikes.

It is therefore ordered, adjudged and decreed that the decisions of the Tax Court be and they are hereby affirmed upon the opinion and finding of facts of Judge Fisher and for the reasons therein stated.